IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMIR NABAVI AND ESTELA NABAVI | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-cv-03641 |
| | § | |
| LIBERTY INSURANCE CORPORATION | § | (JURY) |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Liberty Insurance Corporation ("Defendant"), timely files this Notice of Removal pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1332(a), and 28 U.S.C. §1446(b), removing this action from the 11th District Court of Harris County, Texas, to the United States District Court for the Southern District of Texas, Houston Division, and in support thereof shows as follows:

### A.   Introduction

1.   Plaintiffs Amir Nabavi and Estela Nabavi ("Plaintiffs") commenced this lawsuit against Defendant in the 11th District Court of Harris County, Texas, by filing their Original Petition on or about August 23, 2019.  A true and correct copy of the Original Petition is attached hereto as Exhibit "A."  Plaintiffs served the Original Petition on Defendant Liberty Insurance Corporation on August 30, 2019.  See proof of date of service attached as Exhibit "A."  A true and correct copy of Defendant's Answer to Plaintiffs' Original Petition, Defendant's Special Exceptions to Plaintiffs' Original Petition, and Defendant's Jury Demand filed on September 20, 2019 is attached hereto as Exhibit "B."

2.      Defendant is filing this Notice of Removal within 30 days of its first receipt of Plaintiffs' Original Petition as required by 28 U.S.C. § 1446(b).

3.      Plaintiffs seek to recover damages in this lawsuit based on allegations of breach of contract, noncompliance with the Texas Insurance Code, and breach of the duty of good faith and fair dealing resulting from the alleged conduct of Defendant.  Plaintiffs' claims arise under a homeowner's policy of insurance issued by Defendant on real property owned by Plaintiffs, located in Harris County, Texas, which is alleged to have been damaged by Hurricane Harvey occurring on or about August 27, 2017.

**B.      Jurisdiction & Removal**

4.      In a removal situation, the burden is on the removing party to establish the existence of jurisdiction and the propriety of removal.  *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  This Court has jurisdiction in this case pursuant to 28 U.S.C. § 1332, in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.  Accordingly, statutory authority for the removal of this matter is conferred by 28 U.S.C. §§ 1441 and 1446.

5.      Complete diversity under 28 U.S.C. § 1332 exists in this case. Plaintiffs are citizens of the State of Texas.  Defendant is a corporation organized under the laws of the State of Massachusetts with its principal place of business located in Boston, Massachusetts.

6.      In addition, the amount in controversy meets the minimum jurisdictional requirements under 28 U.S.C. § 1332.  Here Plaintiffs, in accordance with the pleading requirements of Texas State Courts, have expressly pleaded that they seek monetary relief "over $200,000.00 but not more than $1,000,000."  *See* Exhibit A, p. 10 of Plaintiffs' Original Petition at ¶ 34.  The sum claimed by a plaintiff controls the court's "amount in controversy" analysis.

*Kennard v. Indianapolis Life Ins. Co.*, 420 F. Supp. 2d 601, 607 (N.D. Tex. 2006) *citing St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *see also St. Paul Reinsurance Company, Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *Allen v. R & H Oil & Gas Company,* 63 F.3d 1326, 1335 (5th Cir. 1995). In general, the court will look to the plaintiff's complaint regarding the pleaded amount in controversy, but the court is also free to look to other information before the court, including any discovery material and affidavits. *Id.*

7.　　If the court finds it necessary to consider additional information, items to be considered in ascertaining the amount in controversy when the insurer could be liable for those sums under state law are, *inter alia*, penalties, statutory damages, and punitive damages—*not* interest or costs. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). If a state statute provides for attorney's fees, such fees are included as part of the amount in controversy. *Id.* Here, the combination of Plaintiffs' allegations and Defendant's evidence demonstrate by more than a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

8.　　Here, Plaintiffs are suing for benefits afforded to them under the homeowner's insurance policy issued by Defendant, which provides $217,900.00 in coverage to Plaintiffs' property. *See* a copy of the declarations page for the insurance policy at issue in this case, attached at Exhibit "C." In any first party insurance action, the amount of contract damages can be up to the insured amount. In addition, Plaintiffs' pleading states that they are also seeking exemplary damages and attorneys' fees. *See* Exhibit A, Plaintiffs' Original Petition at ¶¶ 22, 29-30, 32, and 34. Thus, it is clear the types of damages they are seeking, when considered jointly, put them well above the jurisdictional minimum. Taking all of the allegations together,

3

Defendant has ample reason to believe the potential damages in this matter would be in excess of the minimum required for diversity jurisdiction.  For these reasons, Defendant believes it is reasonably clear that the amount in controversy exceeds the sum of $75,000.00.

9.     Venue is proper in this district and division under 28 U.S.C. § 1441(a) because the state court where the action has been pending is located in this district and division.

10.     Contemporaneous with the filing of this Notice of Removal, Defendant is filing a Notice of Filing Notice of Removal with the Clerk of Court for the 11th District Court of Harris County, Texas pursuant to 28 U.S.C. § 1446(d).

11.     Attached hereto are all documents required by 28 U.S.C. § 1446(a).

12.     Defendant demanded a jury in the state court action.  Defendant also requests a trial by jury pursuant to Rule 81(c)(3)(A), Federal Rules of Civil Procedure.

13.     All fees required by law in connection with this Notice have been tendered and paid by Defendant.

WHEREFORE, Defendant Liberty Insurance Corporation hereby removes the above-captioned matter, now pending in the 11th District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:       */s/ J. Mark Kressenberg*
       J. Mark Kressenberg
       Fed. Adm. No. 7793
       Texas State Bar No. 11725900
       Travis Cade Armstrong
       Fed. Adm. No. 1690801
       Texas State Bar No. 24069312
       909 Fannin Street
       Two Houston Center
       Suite 2500
       Houston, Texas 77010-1003
       713-951-1000 Telephone
       713-951-1199 Telecopier

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via certified mail, return receipt requested, messenger delivery, e-filing, or facsimile transmission on September 26, 2019 to the following counsel of record:

Brennan M. Kucera
Crowell & Kucera, PLLC
2028 E. Ben White Blvd., Ste. 240-2015
Austin, Texas 78741
*brennan@ck-firm.com*

       */s/ J. Mark Kressenberg*
       J. Mark Kressenberg

JMK:TEP
3578199_1.docx

5