

| | |
|---|---|
| **Notice of Service of Process** | null / ALL<br>Transmittal Number: 20327565<br>Date Processed: 09/03/2019 |

| | |
|---|---|
| Primary Contact: | Bruce Buttaro<br>Liberty Mutual Insurance Company<br>175 Berkeley St<br>Boston, MA 02116-5066 |
| Entity: | Liberty Insurance Corporation<br>Entity ID Number  2538339 |
| Entity Served: | Liberty Insurance Corporation |
| Title of Action: | Amir Nabavi vs. Liberty Insurance Corporation |
| Document(s) Type: | Citation/Petition |
| Nature of Action: | Contract |
| Court/Agency: | Harris County District Court, TX |
| Case/Reference No: | 2019-59419 |
| Jurisdiction Served: | Texas |
| Date Served on CSC: | 08/30/2019 |
| Answer or Appearance Due: | 10:00 am Monday next following the expiration of 20 days after service |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | Brennan M. Kucera<br>512-870-7099 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882  |  sop@cscglobal.com

EXHIBIT A

CAUSE NO. 201959419

RECEIPT NO.                         75.00      CTM
              **********          TR # 73663138

PLAINTIFF: NABAVI, AMIR                      In The    11th
       vs.                                              Judicial District Court
DEFENDANT: LIBERTY INSURANCE CORPORATION     of Harris County, Texas
                                                            11TH DISTRICT COURT
                                                           Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: LIBERTY INSURANCE CORPORATION (AN INSURANCE COMPANY)
     MAY BE SERVED BY SERVING THROUGH ITS REGISTERED AGENT
     CORPORATION SERVICE COMPANY
     OR WHEREVER ELSE IT MAY BE FOUND

     211 EAST 7TH ST SUITE 620    AUSTIN TX   78701 - 3218

     Attached is a copy of PLAINTIFF'S ORIGINAL PETITION

This instrument was filed on the 23rd day of August, 2019, in the above cited cause number and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 27th day of August, 2019, under my hand and seal of said Court.



Issued at request of:                               MARILYN BURGESS, District Clerk
KUCERA, BRENNAN MICHAEL                       Harris County, Texas
2426 REDLAND MESA                              201 Caroline, Houston, Texas 77002
SAN ANTONIO, TX 78259                         (P.O. Box 4651, Houston, Texas 77210)
Tel: (210) 638-1354
Bar No.: 24076491                                 Generated By: BARRETT, BERNITTA L   EG1//11310235

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____      _____
                                          ADDRESS

                                          Service was executed in accordance with Rule 106
(a) ADDRESSEE                               (2) TRCP, upon the Defendant as evidenced by the
                                                  return receipt incorporated herein and attached
                                                  hereto at

                                          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____
                                          _____

                                          MARILYN BURGESS, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

N.INT.CITM.P                                *73663138*

2019-59419 / Court: 011

8/23/2019 4:39 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36244020
By: Bernitta Barret
Filed: 8/23/2019 4:39 PM

CAUSE NO. _____

| | | |
|---|---|---|
| AMIR NABAVI AND ESTELA NABAVI | § § § | IN THE DISTRICT COURT |
| *Plaintiffs,* | § § | |
| V. | § § | _____ JUDICIAL DISTRICT |
| LIBERTY INSURANCE CORPORATION, | § § | |
| *Defendant.* | § § | HARRIS COUNTY, TEXAS |

### PLAINTIFFS' ORIGINAL PETITION

NOW come Amir and Estela Nabavi ("Nabavi" or "Nabavis"), who files Plaintiffs' Original Petition against Liberty Insurance Corporation ("Liberty"), and in support thereof, would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1. The Nabavis intend for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### II.
### PARTIES & SERVICE

2. The Nabavis are the named insureds under a policy issued by the Defendant, Liberty. The Nabavis are residents of the state of Texas.

3. Liberty is an insurance company that engages in the business of insurance in Texas. The insurance business done by Liberty in Texas includes, but is not limited to, the following: taking and receiving applications for insurance; receiving and collecting premiums; and issuing insurance policies to consumers of this state, including the Nabavis. Liberty may be

served through its registered agent, Corporation Service Company, 211 East 7th St., Suite 620, Austin, Texas 78701-3218, or wherever else it may be found.

## III.
## JURISDICTION & VENUE

4. This is a civil matter in which the amount in controversy is more than five hundred dollars ($500.00), exclusive of interest. Jurisdiction is thus proper in a District Court of Harris County, Texas, and it is also proper pursuant to Art. V, Sec. 8 of the Texas Constitution.

5. Venue is appropriate in Harris County, Texas because all or part of the conduct giving rise to the causes of action were committed in Harris County, Texas and the property which is the subject of this suit is located in Harris County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

## IV.
## FACTS

6. The Nabavis have a policy with Liberty bearing policy number H3729813035770 ("Policy"). The Policy insures 1538 S Gessner Rd., Houston, TX 77063-1114 ("Property"). The purported policy period covers 10/25/2016 and continuing through 10/25/2017. The Property is the Nabavis' home. The home is constructed of a partially built-up, three ply roofing system and a composition based roofing system. There are also rooms with sheetrock, and there are window treatments on the outside of the house. Based on the declarations page provided, the Property is insured on a replacement cost basis for $217,900.00 and subject to a named storm deductible of $4,358.00.

7. The Property is covered under a "LibertyGuard® Deluxe Homeowner Policy" coverage form with a "Home Protector Plus" package. As a result, this means Liberty insures "against risk of direct physical loss" to the Property. Based on the documents provided by

2

Liberty, there is no doubt that wind and wind-borne debris are covered losses and meet the definition of "risk of direct physical loss."

8. At the time of Hurricane Harvey, the Nabavis had fully paid their premiums (which total $2,501.00 per year), thus making the policy in full force and effect for the policy term and also indicating that the Nabavis were in complete compliance with the terms of the Policy. This is important because during the policy period a significant wind event occurred causing severe damage to the Property. That wind event was Hurricane Harvey.

9. Liberty was informed shortly thereafter of the storm damage. Liberty assigned the claim to Mr. John Loden to act as the field adjuster and engage in the business of insurance. According to his initial estimate, Mr. Loden performed an inspection of the Property on or about September 9, 2017. It was undoubtedly reported to Liberty (both before, during, and after the inspection) that the following items were damaged:

    a. The roofs on the building;

    b. The various rooms and hallways in the interior;

    c. The glassing; and

    d. The windows.

10. Of course, it was asked of Liberty to provide insurance benefits for all of these damaged items. Mr. Loden had the opportunity to speak to the Nabavis and understand all of the concerns they had with water entering the Property and damaging the interior. Mr. Loden also knew that the Nabavis were concerned about how wind damaged the roof and that was going to continue to allow the entry of water until it was fixed. This is only further highlighted by the fact that Mr. Loden met with the Nabavi's roofer, was shown all of the damages by the roofer, and how Mr. Loden even remarked about the extensive amount of damages.

11. Mr. Loden completed his estimate, which only totaled $11,760.93 before the deductible, depreciation, or any other limitation was applied. His scope of damage was limited to what he called the great room, west stairs, sunroom, 2nd floor hallway, guest bathroom upstairs, toilet room, and mater bedroom. This came as a complete surprise to the Nabavis, especially since Mr. Loden outwardly indicated that the damage extended far beyond just these areas. The Nabavis were also left in the dark as to why the other areas of damage were not addressed since Liberty failed to send a claim determination letter or explain why the vast swathes of damages were being denied. The Nabavis were left with trying to understand an Xactimate estimate, which to your average layman is not easy to read, and even when read by industry professionals indicates that Mr. Loden misrepresented to the nabavis that very little money was owed and that vast swathes of damage were not there.

12. This was false on many accounts. Primarily, the Nabavis' damages were actually closer to $90,000.00. Dissatisfied with how this went, the Nabavis hired a public adjuster to help present the claim. The public adjuster asked for a re-inspection and one occurred. Again, even though all of the damages were pointed out, none of it was recognized by Liberty or its many adjusters. In the end, and despite facing reasonably clear liability, Liberty failed to account for the damages to the roof, the glass enclosure, the exterior windows, the living room, the bar area, the atrium, the hallway, the dining room, the kitchen, the garage, the second floor master, the back hallway, the master closet, the second bedroom, the utility, the second bedroom's vanity, and the first bedroom's vanity. A complete list of damaged items has since been provided to Liberty.

13. Since Plaintiffs' counsel was retained, Liberty failed to provide any and all communications made under the Policy. It was repeatedly asked of Liberty to provide any claim

determination letters, estimates, and adjuster's reports. Liberty refused to do so. The Plaintiffs and its counsel have simply been trying to follow the law and provide Liberty with as much pre-suit notice as possible. By you withholding documents, Liberty materially frustrated Plaintiffs' ability to provide notice, delayed the Chapter 542A letter, and delayed presentation of this lawsuit.

14. After months of asking for these documents, Liberty finally provided a wealth of information never seen before and an explanation for why information was not forthcoming. Essentially, the reason nothing ever was provided was because Liberty continuously shifted adjusters on the file and in many instances there was not one even assigned. In the recent month, a new adjuster was assigned (Ms. Nieves), who contacted Plaintiffs' counsel and indicated she would look into the matter further. What she provided was shocking. Liberty is now taking the position that one estimate was completed by Mr. Loden, it was found to be too high, and while it was being adjusted downwards so it could be under deductible, Liberty decided to issue a faulty payment anyways.

15. Based on the foregoing, it cannot be said that Liberty acted in good faith towards Plaintiffs, abided by the Texas Insurance Code, or upheld its end of the bargain and paid what was owed under the Policy.

## V.
### CAUSES OF ACTION

16. All conditions precedent to this action have occurred, been fulfilled, or have otherwise been waived or discharged.

### A. Breach of Contract

17. Liberty's conduct constitutes a breach of the insurance contract between it and the Nabavis. It is undisputed that a contract existed between Nabavis and Liberty in the form of

5

the Policy. It is also undisputed that Nabavis paid it premiums, substantially complied with all terms of the Policy, and held up its end of the bargain. Liberty on the other hand did not hold up its end of the bargain.

18. Liberty insures "against risk of direct physical loss" to the Property. Based on the documents provided by Liberty, there is no doubt that wind and wind-borne debris are covered losses and meet the definition of "risk of direct physical loss." Direct physical loss occurred byt Liberty failed to provide coverage thereby breaching the Policy agreement. The Nabavis have sustained damages as a result of Liberty's breach of the Policy.

**B.** *Noncompliance with the Texas Insurance Code*

19. As described above, Liberty's conduct and the conduct of its agents constitutes multiple violations of the Texas Insurance Code that have been legislatively determined to be Unfair Method of Competition, an Unfair Settlement Practice, and/or otherwise in violation of the Texas Insurance Code. Section 541.151 and Section 542.060 of the Texas Insurance Code makes these violations actionable.

20. Due to the relationship (and/or their engagement in the business of insurance) between the Nabavis, Liberty, and Mr. Loden there were numerous obligations owed to Plaintiffs under the Texas Insurance Code.[1] Chief among these duties, these persons were obligated to:

    a. Not misrepresent material facts relating to coverage at issue (§ 541.060(a)(1)) & (§ 542.003(b)(1) with the inclusion of knowingly);

    b. Attempt in good faith to effectuate a prompt, fair, and equitable settlement a claim in which the insurer's liability has become reasonably clear (§ 541.060(a)(2)) & (§ 542.003(b)(4));

---

[1] The Nabavis are also a "person" under the Texas Insurance Code, which gives them standing to bring claims under the Texas Insurance Code.

6

    c. Promptly provide to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim (§ 541.060(a)(3));

    d. Affirm or deny coverage within a reasonable amount of time (§ 541.060(a)(4));

    e. Pay a claim without conducting a reasonable investigation with respect to the claim (§ 541.060(a)(7));

    f. Not delay payment of a claim after receiving all items, statements, and forms reasonably requested and required under Section 542.055 for a period of more than 60 days (§ 542.058(a)).

21. Neither Liberty nor Mr. Loden fulfilled these duties. Briefly speaking, and as supported above, a written claim was undoubtedly made under the policy, Liberty was and continues to be liable for that claim, Liberty should have provided coverage for the claim, Liberty instead wrongfully withheld policy benefits and along the way violated the Texas Insurance Code as this petition describes, and that has caused and resulted in actual damages to the Nabavis.

22. The Nabavis seek to recover actual damages, and in addition to the amount of the claim, simple interest on the amount of the claim as damages each year at the rate determined on the date of judgment by adding five percent to the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. The Nabavis also seeks pre-judgment interest.

C. *Breach Of The Duty Of Good Faith And Fair Dealing*

23. Liberty's conduct constitutes a breach of the common law duty of good faith and fair dealing it owes to the Nabavis.

24. In the insurance context, a special relationship arises because of the parties' unequal bargaining power and the nature of insurance contracts, which would allow unscrupulous insurers to take advantage of their insured's' misfortunes in bargaining for settlement or resolution of claims. An insurance company has exclusive control over the evaluation, processing, and denial of claims, and without this duty insurers could arbitrarily deny coverage and delay payment of a claim with no more penalty than interest on the amount owed. For these reasons, a duty exists. The Nabavis contend Liberty breached its duty of good faith and fair dealing:

   a. Because there was no reasonable basis for Liberty to deny the Nabavis' claim;

   b. Because there was no reasonable basis for Liberty to delay the Nabavis' claim;

   c. Because Liberty failed to determine whether there was any reasonable basis to deny and delay the Nabavis' claim;

   d. Because Liberty failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim even though its liability was reasonably clear; and

   e. Because Liberty refused to pay a claim without conducting a reasonable investigation of the claim.

25. Liberty's failure, as described above, to adequately and reasonably investigate and evaluate the Nabavis' claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

26. Liberty's breach of the duty of good faith and fair dealing has proximately caused damages for the Nabavis.

8

## VI.
### KNOWLEDGE

27. Each of the acts described above, together and singularly, was done "knowingly" by Liberty and its agents as that term is used in the Texas Insurance Code, and was a producing cause of the Nabavis' damages described herein.

## VII.
### DAMAGES

28. The Nabavis intend to show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by the Nabavis. The Nabavis contend its damages were the natural, probable, and foreseeable consequence of Liberty's breach of the policy. The Nabavis contend that Liberty's violations of the duty of good faith and fair dealing were the proximate cause of the Nabavis' damages. Lastly, the Nabavis also contend Liberty's actions in violation of the Texas Insurance Code were the producing cause of the Nabavis' damages. These damages are a direct result of Liberty's mishandling of the Nabavis' claim in violation of the laws set forth above.

29. For breach of contract, the Nabavis are entitled to regain the benefit of the bargain, which is the amount of the claim, together with reasonable and necessary attorney's fees.

30. For noncompliance with the Texas Insurance Code, the Nabavis are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and reasonable and necessary attorney's fees. For knowing conduct of the acts described above, the Nabavis seek three times the actual damages. Tex. Ins. Code §541.152.

31. For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, the Nabavis are entitled to the amount of Nabavis' claim, as well as the applicable

interest per annum on the amount of such claim as damages, together with reasonable and necessary attorney's fees. Tex. Ins. Code §542.060.

32. For breach of the common law duty of good faith and fair dealing, the Nabavis are entitled to exemplary damages. Liberty has actual awareness of its liability under the policy, but is choosing to ignore that liability, deny the claim, and delay the claim. This warrants the imposition of exemplary damages.

33. For the prosecution and collection of this claim, the Nabavis have been compelled to engage the services of the attorney whose name is subscribed to this pleading. Proper notice of the claim has been sent to the relevant parties. Therefore, the Nabavis are entitled to recover a sum for the reasonable and necessary services of the Nabavis' attorney in the preparation and trial of this action, including any appeals to the appropriate appellate bodies.

## VIII.

34. As required by Rule 47(b), Texas Rules of Civil Procedure, the Nabavis state that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, the Nabavis state they are seeking monetary relief over $200,000 but not more than $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. The Nabavis also seek pre-judgment and post-judgment interest at the highest legal rate.

## XII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, the Nabavis request that Liberty be cited to appear and answer herein; that, on final hearing, the Nabavis have judgment against Liberty for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court; for costs of suit; for interest on the judgment as allowed by the applicable statute; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special against Liberty, to which the Nabavis may be justly entitled.

Respectfully submitted,

CROWELL & KUCERA, PLLC
2028 E. Ben White Blvd. Ste. 240-2015
Austin, TX 78741
Telephone:   (512) 870-7099
Facsimile:   (512) 388-9520

BY: /s/ Brennan M. Kucera
   BRENNAN M. KUCERA
   State Bar No. 24076491
   brennan@ck-firm.com
   BENJAMIN R. CROWELL III
   State Bar No. 24087360
   ben@ck-firm.com

ATTORNEYS FOR THE NABAVIS

**THE NABAVIS DEMAND A JURY TRIAL**