9/20/2019 10:01 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36980208
By: Anais Aguirre
Filed: 9/20/2019 10:01 AM

NO. 2019-59419

| | | |
|---|---|---|
| AMIR NABAVI AND ESTELA NABAVI | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | 11th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Liberty Insurance Corporation (hereinafter referred to as "Defendant"), and files this Answer to Plaintiffs' Original Petition, and would respectfully show the Court as follows:

### GENERAL DENIAL

**1.**

Pursuant to Rule 92, Texas Rules of Civil Procedure, Defendant generally denies, each and every, all and singular, the allegations set forth in Plaintiffs' Original Petition and demands strict proof thereof.

### SPECIFIC DENIALS

**2.**

Defendant further specifically denies Plaintiffs' allegations of breach of contract, noncompliance with the Texas Insurance Code, breach of the duty of good faith and fair dealing, and all other causes of action alleged herein.

**3.**

By way of further Answer, Defendant specifically denies that all conditions precedent to Plaintiffs' claims and causes of action have occurred in the following respects:

# EXHIBIT B

(a)     Plaintiffs have not given Defendant notice in writing in the form and manner required by the Texas Insurance Code, Section 541.154;

(b)     Plaintiffs have not complied with their duties after loss as required by the Texas Insurance Policy on which they base their claims;

(c)     Plaintiffs have not made the repairs and/or replaced the allegedly damaged insured property so as to entitle them to compensation for replacement cost value as required by the Texas Insurance Policy on which they base their claims; and

(d) Plaintiffs have not given Defendant notice in writing in the form and manner required by Texas Insurance Code, Section 542A.

**4.**

Defendant specifically denies that Plaintiffs are owed any additional amounts under the policy for alleged losses for the property damages asserted which form the basis of Plaintiffs' claims and causes of action herein.

**5.**

Defendant specifically denies that appropriate pre-suit notice was given, in accordance with Texas law, and deny Plaintiffs' rights to recover attorney's fees, expenses, and costs in this action.  Specifically, notice was not provided in compliance with Texas Insurance Code, Section 542A.  In the alternative, Defendant would show that Plaintiffs' presentment of this claim constitutes an excessive and unreasonable demand and, therefore, Plaintiff is precluded from a recovery of attorney's fees and expenses.

**6.**

Defendant specifically denies that it committed any wrongful acts or that it acted "knowingly" or "intentionally" as those terms are defined by Section 541 of the Texas Insurance Code.

**7.**

Defendant also denies that it has waived or is estopped from asserting any defenses, in tort or in contract.

**8.**

Defendant specifically denies that it failed to issue an explanation of benefits letter, an estimate of damages, or that it otherwise failed to provide Plaintiffs a full explanation of the results of the claims process.

**AFFIRMATIVE DEFENSES**

**9.**

Defendant further specifically asserts that the subject policy only affords Plaintiffs the replacement cost value of covered damages to the dwelling after the damaged or destroyed property has actually been repaired or replaced.  In that Plaintiffs have not replaced or repaired the allegedly damaged property, they are only entitled to the actual cash value of the loss as provided for by the Texas Insurance Policy under which they bring suit.

**10.**

Defendant would show as an affirmative defense to Plaintiffs' claims that certain property damage asserted by Plaintiffs to be compensable under the insurance policy comes in fact from a risk or cause coming within a particular exception to the general liability under the policy.  Defendant would show that Plaintiffs' loss, in whole or in part comes from a risk or

cause excepted by the policy.  Defendant would show that Plaintiffs' loss, if any, in whole or in part did not come from a covered peril.  Defendant would further show that such causes or events as alleged to have caused Plaintiffs' damages contributed concurrently or in any sequence to the alleged loss so as to be a concurrent cause excluded by the Texas Insurance Policy on which they base their claims and causes of action.

**11.**

 Pleading further, Defendant would show that Plaintiffs have failed to mitigate their damages in that they failed to protect the property from further damage and/or to make reasonable and necessary repairs to protect the property.

**12.**

With regard to all of the Plaintiffs' extra-contractual claims, Defendant asserts a bona fide coverage dispute.

**13.**

Pleading further, Defendant would show that no act or omission of Defendant was the proximate cause of any injury to Plaintiffs.

**14.**

Defendant asserts the affirmative defense of excessive demand with respect to Plaintiffs' claim for attorney's fees.

**15.**

Defendant additionally pleads the common law Doctrine of Concurrent Causation as relates to covered versus non-covered perils, with respect to the proximate cause of the damages alleged to Plaintiffs' property and/or contents, which give rise to the subject matter of this lawsuit.

**16.**

Pleading further, Defendant would show the Court that, to the extent that any particular covered damage items were omitted from original assessment or payment, the cause for same results from the Plaintiffs' material breach of the subject insurance policy, failure to comply with conditions precedent, and/or Plaintiffs' contributory negligence in failing to timely, fully and/or properly identify and report such item or items of damage to Defendant or to Defendant's agents. Defendant contends that the Plaintiffs have a duty to do so and failed to fulfill that duty, thus causing and/or contributing to cause the damages now claimed by them in this case.

**17.**

Defendant also pleads the affirmative defenses of estoppel and waiver relative to any theory of recovery alleged by Plaintiffs on the basis that an item of loss was not addressed, not investigated, and/or omitted from adjustment by Defendant.

**18.**

While continuing to deny that Plaintiffs' injuries and damages, if any, were proximately caused by Defendant, pursuant to Chapter 33, Texas Civil Practice & Remedies Code, Defendant requests a determination of whether the purported injuries and damages to Plaintiffs were proximately caused or produced by the conduct of Plaintiffs and/or other persons or parties, and, if so, the percentage of such causation attributable to the Plaintiffs, other persons or parties found to have been a cause of any of the Plaintiffs' purported injuries, losses or damages, and to reduce and/or apportion the judgment, if any, by the degree of such causation attributed to the Plaintiffs, other persons or parties.

**19.**

Plaintiffs' injuries, losses, and damages, if any, were the result, in whole or in part, of pre-existing or subsequent conditions, and were not the result of any act or omission on the part of answering Defendant.

**20.**

Pleading further, Defendant denies any liability to Plaintiffs for alleged extra-contractual damages.  Defendant further pleads that any award to Plaintiffs of exemplary, additional, treble or punitive damage or penalties is limited as prescribed by Chapter 41, Texas Civil Practice & Remedies Code, and Texas Insurance Code sections 541.152 and 542.060.

**21.**

Defendant hereby asserts the Economic Loss Rule as an affirmative defense to any of Plaintiffs' claims sounding in tort.

### RESERVATION OF APPRAISAL RIGHTS

**22.**

By appearing and answering herein, Defendant does not waive, and expressly reserves, its right under the policy to demand an appraisal for determination of the actual cash value amount of loss with respect to any property damage claims Plaintiffs asserted in this lawsuit.

### NOTICE OF INTENT TO USE DOCUMENTS

**23.**

Pursuant to Rule 193.7, Texas Rules of Civil Procedure, Defendant gives notice of its intent to use documents produced by any party in response to all discovery propounded throughout the course of this litigation, including any pretrial proceedings and at the time of trial.

## REQUEST FOR DISCLOSURES

**24.**

Pursuant to the Texas Rules of Civil Procedure, Defendant requests that Plaintiffs disclose, within thirty (30) days of service of this request, the information and material described in Texas Rules of Civil Procedure 194.2(a)-(l).

**WHEREFORE, PREMISES CONSIDERED**, Defendant Liberty Insurance Corporation prays that upon final hearing of this cause, the Court enter its Judgment that Plaintiffs take nothing by way of his claims and causes of action against Defendant, that all costs of court be assessed against Plaintiffs; and for such other and further relief, at law or in equity, as to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

*/s/* J. Mark Kressenberg
J. Mark Kressenberg
State Bar No. 11725900
JKressenberg@sheehyware.com
Teresa E. Porter
State Bar No. 24076631
Tporter@sheehyware.com
2500 Two Houston Center
909 Fannin
Houston, Texas 77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 20th day of September, 2019 to the following counsel of record:

Brennan M. Kucera
Crowell & Kucera, PLLC
2028 E. Ben White Blvd., Ste. 240-2015
Austin, Texas 78741
*brennan@ck-firm.com*

/s/   *J. Mark Kressenberg*
J. Mark Kressenberg

3575125_1.doc

8

9/20/2019 10:10 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36981000
By: Anais Aguirre
Filed: 9/20/2019 10:10 AM

NO. 2019-59419

| | | |
|---|---|---|
| AMIR NABAVI AND ESTELA NABAVI | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | 11th JUDICIAL DISTRICT |

## DEFENDANT'S SPECIAL EXCEPTIONS TO
## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant Liberty Insurance Corporation ("Defendant"), and files these Special Exceptions to Plaintiffs' Original Petition.

### SPECIAL EXCEPTIONS

Pursuant to Rule 91, Texas Rules of Civil Procedure, Defendant hereby makes the following Special Exceptions to Plaintiffs' Original Petition, and in support thereof would show the Court as follows:

**1.**

Defendant specially excepts to Paragraphs 6-15 and 17-18 of Plaintiffs' Original Petition to the extent it purports to state or otherwise support a cause of action for breach of contract. The essential elements for a breach of contract claim are (1) the existence of a valid contract; (2) performance or tendered performance by the Plaintiff; (3) breach of the contract by the Defendant; and (4) damages sustained as a result of the breach. *B & W Supply, Inc. v. Beckman*, 305 S.W.3d 10, 16 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).  Plaintiffs have failed to give Defendant fair notice of how it breached the alleged insurance contract with Plaintiffs, or how Plaintiffs sustained damages as a result of any such breach. Accordingly, Defendant

respectfully requests that the Court order Plaintiffs to plead sufficient facts to give it fair notice of any purported breach of contract claim.

**2.**

With respect to any claimed violations of the Prompt Payment of Claims Act under Chapter 542 of the Texas Insurance Code, Defendant specially excepts to Paragraphs 6-15 and 19-22 of Plaintiffs' Original Petition on the basis that the language therein fails to identify the alleged failures of Defendant to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage, thus making it virtually impossible to "ascertain the nature and basic issues of the controversy and the testimony probably relevant" to the defense of Defendant with respect to any claim under the Prompt Payment statute.

**3.**

Defendant specially excepts to the allegations in Paragraphs 6-15 and 23-27 of Plaintiffs' Original Petition to the extent it purports to state a claim for breach of the duty of good faith and fair dealing. Under well-established Texas law, in first party insurance claims a breach of the duty of good faith and fair dealing occurs when there is a denial or delay in payment after the party knew or should have known it was reasonably clear the claim was covered. *Texas Mut. Ins. Co. v. Ruttiger*, 265 S.W.3d 651 (Tex.App.—Houston [1st Dist.] 2008, pet. filed), quoting *Universal Life Ins. Co. v. Giles*, 950 S.W.2d 48, 49 (Tex.1997).  Defendant specially excepts that the allegations as set forth in Paragraphs 6-15 and 23-27 of Plaintiffs' Original Petition fail to sufficiently plead the requisite elements of a cause of action for breach of the duty of good faith and fair dealing.  *See Ross v. Goldstein*, 203 S.W.3d 508, 512 (Tex.App.—Houston [14th Dist.] 2006, no writ).

Furthermore, the pleading fails to state allegations sufficient to meet the requirement that the insurer "knew or should have known it was reasonably clear the claim was covered" in that

the pleading fails to identify which particular property damage claims are allegedly known or should have been known by Defendant to be covered.

Defendant therefore requests the Court to dismiss the claims of bad faith against it or, alternatively, order Plaintiffs to plead sufficient facts as to give it fair notice of the: (1) property damage claim(s) which is alleged to have not been paid or have been delayed in being paid; and (2) the facts and/or circumstances giving rise to the allegation that Defendant knew or should have known it was reasonably clear these claims were covered by the policy, so as to enable Defendant to determine "the testimony probably relevant" to its defense against Plaintiffs' bad faith claim(s), and give it fair notice of the facts giving rise to the claims against it in order to be able to prepare a defense.

**4.**

Defendant specially excepts to Paragraphs 6-15 and 19-22 of Plaintiffs' Original Petition to the extent they attempt to plead a common law cause of action for misrepresentation, or a statutory claim for violation of the Texas Unfair Settlement Practices Act on the basis of misrepresentation.  With respect to any common law cause of action, Defendant specially excepts to Plaintiffs' allegations in Paragraph 20 of Plaintiffs' Original Petition that Defendant made unspecified false representations and/or misrepresentations on the basis that the allegations wholly fail to allege any material misrepresentation or plead sufficient facts to give Defendant fair notice of its acts, which would show it knew any such representation was false.  Defendant further specially excepts to Paragraphs 6-15 and 19-22 of Plaintiffs' Original Petition in that those allegations fail to give fair notice of how Plaintiffs "justifiably relied" on any such material misrepresentation, or how such misrepresentations as to them were a "producing cause" of Plaintiffs' damages and losses, as required to state a *prima facie* claim for misrepresentation. *See*

*Rencare, Ltd. v. United Medical Resources*, 180 S.W.3d 160, 166 (Tex.App.—San Antonio 2005, no pet.).

With respect to any claimed violations of Insurance Code §541.051 and §541.060, Defendant specially excepts to Paragraphs 6-15 and 19-22 of Plaintiffs' Original Petition on the basis that the language therein fails to identify the alleged representations of Defendant, or the items of property damage coverage which are supposedly the subject of such representations, thus making it virtually impossible to "ascertain the nature and basic issues of the controversy and the testimony probably relevant" to the defense of Defendant with respect to any misrepresentation claim(s).

Defendant requests the Court order Plaintiffs to plead sufficient facts as to give it fair notice of the representation(s) it is charged with, the specific property damage claims such representations are supposed to have been made about, and the actual damages Plaintiffs claims such representations are alleged to have proximately caused, so as to enable Defendant to determine "the testimony probably relevant" to its defense, and give it fair notice of the facts giving rise to the claims against it.  Alternatively, in the event Plaintiffs fails to replead such allegations, Defendant requests the Court strike them from the pleadings.

**5.**

Defendant further specially excepts to the allegations in Paragraph 32 of Plaintiffs' Original Petition in so far as it seeks to establish a right to recover exemplary damages. Plaintiffs are not entitled to exemplary damages for a violation of Chapter 541 of the Texas Insurance Code.  TEX. CIV. PRAC. & REM. CODE §41.002(d); *Safeway Managing General Agency v. Cooper*, 952 S.W.2d 861, 869 (Tex.App.—Amarillo 1997, no writ).  Defendant also specially excepts to that section of the Petition on the grounds that there have been no actual damages

4

awarded to Plaintiffs for an injury independent of the loss of policy benefits. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997).

**6.**

Defendant further specially excepts to the allegations in Paragraphs 22, 29-31, and 33-34 of Plaintiffs' Original Petition in so far as it seeks to establish a right to recover attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003.  A necessary requisite for the recovery of attorney's fees is the presentment of the contract claim to the opposing party and the failure of that party to tender performance. *See Gibson v. Cuellar*, 440 S.W.3d 150, 157 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981).  Plaintiffs have not properly presented its breach of contract claim to Defendant prior to filing suit.  Plaintiffs failed to give fair notice of how Defendant breached the alleged insurance contract with Plaintiffs and has not shown that Defendant failed to tender performance.  As such, Plaintiffs are not entitled to recovery of attorney's fees in this case.

**WHEREFORE, PREMISES CONSIDERED**, Defendant Liberty Insurance Corporation, prays that this Court grant these Special Exceptions to Plaintiffs' Original Petition, and for such other and further relief, at law or in equity, as to which Defendant may show itself to be justly entitled.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:    */s/*  J. Mark Kressenberg
              J. Mark Kressenberg
              State Bar No. 11725900
              JKressenberg@sheehyware.com
              Teresa E. Porter
              State Bar No. 24076631
              Tporter@sheehyware.com
              909 Fannin, Suite 2500
              Houston, Texas 77010
              713-951-1000
              713-951-1199 – Facsimile

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 20th day of September, 2019 to the following counsel of record:

Brennan M. Kucera
Crowell & Kucera, PLLC
2028 E. Ben White Blvd., Ste. 240-2015
Austin, Texas 78741
*brennan@ck-firm.com*

              /s/    *J. Mark Kressenberg*
               J. Mark Kressenberg

3575127_1.doc

6

9/20/2019 10:06 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 36980789
By: Iris Collins
Filed: 9/20/2019 10:06 AM

NO. 2019-59419

| | | |
|---|---|---|
| AMIR NABAVI AND ESTELA NABAVI | § | IN THE DISTRICT COURT |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| LIBERTY INSURANCE | § | |
| CORPORATION | § | 11th JUDICIAL DISTRICT |

---

## DEFENDANT'S JURY DEMAND

---

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Liberty Insurance Corporation and files this Jury Demand.  Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby demands a jury trial in this cause, and has tendered the required fee.

Respectfully submitted,

**SHEEHY, WARE & PAPPAS, P.C.**

By:     */s/*  J. Mark Kressenberg
        J. Mark Kressenberg
        State Bar No. 11725900
        JKressenberg@sheehyware.com
        Teresa E. Porter
        State Bar No. 24076631
        Tporter@sheehyware.com
        2500 Two Houston Center
        909 Fannin
        Houston, Texas 77010
        713-951-1000
        713-951-1199 – Facsimile

**ATTORNEYS FOR DEFENDANT LIBERTY INSURANCE CORPORATION**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above foregoing instrument has been forwarded via e-filing in accordance with the Texas Rules of Civil Procedure on this the 20th day of September, 2019 to the following counsel of record:

Brennan M. Kucera
Crowell & Kucera, PLLC
2028 E. Ben White Blvd., Ste. 240-2015
Austin, Texas 78741
*brennan@ck-firm.com*


_/s/ J. Mark Kressenberg_
J. Mark Kressenberg


3575126_1.docx